## ANN DOYLE'S CASE.

*Supreme Court, First District; At Chambers, October,* 1865.

### COMMITMENT IN DEFAULT OF SURETIES.

Under the statutes authorizing the binding over of disorderly persons to keep the peace, the magistrate has power to commit such a person until sureties are given.

*Habeas Corpus.*

The relator having been committed to jail for disorderly conduct until she should give security to keep the peace, procured a writ of *habeas corpus* to test the question if such a commitment was valid.

*Mr. Barnaby,* in support of the writ, insisted that the com-

mitment was for an indefinite period, and in analogy with the rulings of the courts on other indefinite commitments was void.

INGRAHAM, J.—The prisoner is brought before me on *habeas corpus*, and her discharge is asked for on the ground that the commitment by the magistrate, until she gave bail for her good behavior, was unauthorized by law. I do not deem it necessary to place the decision of this matter on the ground that where the judge has authority to require a party to give bonds for her good behavior, it necessarily includes the power to hold her in custody until such security is given. The contrary construction would render nugatory the whole provision of the statute which authorizes the magistrate to arrest and to require the security to be given. If, when the prisoner charged with disorderly conduct is brought before the justice, and he finds her guilty and orders her to give the security, she can reply that she will not give the security, and may insist upon being discharged without it, the whole proceeding will be ridiculous. I cannot suppose there was any such course of proceeding contemplated: on the contrary, the prisoner, when brought before the justice, is in custody; she is to be discharged from custody on giving security, and not before. It is immaterial whether such imprisonment is continued in the police-office before the justice, or in the prison under a commitment from the justice. At common law, the magistrate had authority to arrest and require sureties for the peace or good behavior, and in case of not giving such security the prisoner might be committed to prison until such security was furnished. (1 *Hawk. P. C.*, ch. 60, 5, 9.) And the justice might in the first instance issue his warrant to the officer, directing him to cause the party to go before some justice to find surety, and, if he shall refuse, convey him directly to prison. (*Ib.*, 5, 12.) This common-law power is modified by the Revised Statutes (2 *Rev. Stat.*, 705, § 14), by providing that no security to keep the peace, or to be of good behavior, shall be required, nor shall any person be committed to prison for not giving the same, in any case except such as are prescribed or authorized by statute. While this limits the common-law right of the magistrate to require sureties of the peace for good behavior in any case before him at his discretion, to cases

in which such authority is conferred by statute, I do not understand it· in any way as depriving him of the common-law authority to commit for not giving such security in cases so provided for. On the contrary, the exception of cases provided for by statute, leaving the power to commit in such cases for not giving such security, remains in full force. The provisions of the Revised Statutes (vol. 2, marg. p. 704), contained in sections 1–5, regulate the mode of taking sureties to keep the peace; and the 5th section provides, in case of refusal to give sureties, for the commitment of the person charged. The provisions of Revised Statutes (vol. 2, marg. p. 709), makes imilar provisions in case of disorderly persons, and authorize the making of a record of the conviction of such disorderly persons in default of sureties, and the committal of the offender until such sureties be found. The act of 1833, ch. 11, p. 9, sect. 8, under which this party was arrested for disorderly conduct, authorized the magistrate to require her to give surety for her good behavior for a term not exceeding twelvê months, and authorized him also in his discretion at any time to discharge the same. In addition to the powers conferred by this act, the statute of 1859, ch. 491, page 1129, sec. 5, gave the police justices authority to impose a fine not exceeding $10, or to commit to the City Prison not exceeding ten days. This power to commit was not any limitation of the power connected with the taking of sureties for good behavior, but was the means for collecting the fine so to be imposed in addition to the surety for good behavior. But if there was any doubt as to the authority of the magistrate to commit a party who refuses to give the sureties for good behavior when required, in the case of disorderly conduct, it is removed by that provision which says, that "any person committed to the common jail for not finding sureties for good behavior, may be discharged by two justices upon giving such security." (2 *Rev. Stat.*, 704, § 6.) This clearly implies the right to commit. I have not been able to adopt the conclusion that the commitment by the magistrate in this case was beyond his powers, but that having the party charged in his custody, and having found on competent proof that she was guilty of disorderly conduct, he had a right to require sureties for good behavior, and to continue the imprisonment until such sureties were found. The party is not without remedy, if she

is unable to give the sureties. There are various provisions which authorize the discharge of the party from prison; but that mode is not by *habeas corpus*. The prisoner must be remanded, and the writ discharged.